J-S14042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARVIN JONES, | : | |
| | : | |
| Appellant | : | No. 2529 EDA 2014 |

Appeal from the PCRA Order entered on July 28, 2014
in the Court of Common Pleas of Delaware County,
Criminal Division, No. CP-23-CR-0000895-2006

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:           **FILED MARCH 30, 2015**

Marvin Jones ("Jones"), *pro se*, appeals from the Order dismissing his

Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]   We

affirm.

The PCRA court set forth the relevant procedural history in its Opinion,

which we adopt for purposes of this appeal.   **See** PCRA Court Opinion,

10/15/14, at 1-2.

Under the PCRA, any PCRA petition "shall be filed within one year of

the date the judgment becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1).  A

judgment of sentence becomes final "at the conclusion of direct review,

including discretionary review in the Supreme Court of the United States and

the Supreme Court of Pennsylvania, or at the expiration of time for seeking

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Jones's judgment of sentence became final on September 24, 2010. *See* PCRA Court Opinion, 10/15/14, at 4; *see also* 42 Pa.C.S.A. § 9545(b)(3); *Commonwealth v. Rojas*, 874 A.2d 638, 643 (Pa. Super. 2005). Jones had until September 2011, to file the instant PCRA Petition, but did not do so until February 27, 2014. Thus, Jones's Petition is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, the PCRA court determined that Jones failed to plead or prove the applicability of any of the exceptions to the PCRA timeliness requirements. *See* PCRA Court Opinion, 10/15/14, at 4. We agree with the sound reasoning of the PCRA court and affirm on this basis. *See id*.[2]

---

[2] Additionally, even if Jones had filed his Petition within the sixty-day period specified by section 9545(b)(2) following the United States Supreme Court's decision in *Alleyne*, this Court has held that *Alleyne* does not apply retroactively to cases on PCRA review. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014).

- 2 -

Order affirmed.

Donohue, J., joins the memorandum.

Olson, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2015

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
### CRIMINAL

**COMMONWEALTH OF PENNSYLVANIA** | CP-23-CR-895-2006

**V.**

**Marvin Jones**

A. Sheldon Kovach, Deputy District Attorney, for the Commonwealth
Marvin Jones, *Pro se*

## O P I N I O N

Capuzzi, J.                                      Filed: 10/14/2014

    This is an appeal from the denial of Petitioner's Post-Conviction Relief Act Petition,

herein "PCRA" Petition. On appeal, Petitioner raises claims of ineffective assistance of counsel,

abuse of trial court discretion at the trial court level and at the preliminary hearing, as well as a

claim that his sentence is unconstitutional pursuant to *Alleyne v. United States,* 133 S. Ct. 2151,

186 L.Ed.2d 314 (2013). [1]

## PROCEDURAL HISTORY AND FACTUAL BASIS

    On March 20, 2008, a non-jury trial was held in front of The Honorable Judge Patricia H.

Jenkins. Petitioner was found guilty of the following charges: Information A: possession with

intent to deliver[2], Information B: possession of a controlled substance[3] and Information C:

possession of drug paraphernalia[4].

---

[1]Petitioner lists his issues in 11 separate paragraphs. Upon review, this Court determined that Petitioner's claims fall within one of the three areas listed above.

[2] 35 Pa.C.S. §780-113(a)(30).

[3] 35 Pa.C.S. §780-113(a)(16).

On April 28, 2008, Petitioner was sentenced as follows: Information A: seven to fourteen years in a state correctional facility and on Information C: one year of state probation concurrent to Information A.[5] Petitioner did not file any post-sentence motions.

Petitioner filed a timely notice of appeal to the Pennsylvania Superior Court on May 28, 2008. The Superior Court affirmed Petitioner's judgment of sentence on December 31, 2009 [1547 EDA 2008]. On February 1, 2010, Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on June 24, 2010. [88 MAL 2010].

Petitioner filed this PCRA Petition on February 27, 2014. The case was re-assigned to this Court who appointed PCRA counsel on March 31, 2014. On May 30, 2014, counsel was granted a continuance. On June 30, 2014, PCRA counsel submitted an application to withdraw as counsel and a no merit letter pursuant to *Commonwealth. v. Finley,* 550 A.2d 213 (Pa. Super. 1988) and *Commonwealth. v. Turner,* 544 A.2d 927 (Pa. Super. 1988). After review of PCRA Counsel's documents, the record, and Petitioner's PCRA Petition, this Court agreed with PCRA counsel that the Petition was untimely and this Court issued a notice of intent to dismiss without a hearing on July 2, 2014 and granted counsel's request to withdraw.

Petitioner responded to the notice of intent to dismiss on July 10, 2014 and July 17, 2014.[6] This Court issued an Order dismissing the Petition on July 28, 2014. Petitioner appealed on August 15, 2014. This Court issued a 1925(b) Order on August 21, 2014, which Petitioner responded to on September 2, 2014.

---

[4] 35 Pa.C.S. §780-113(a)(32).

[5] Information B merged with Information A for purposes of sentencing.

[6] For purposes of clarification, Petitioner filed two different responses to the notice of intent to dismiss. Petitioner sent copies to Chambers as well as to the Office of Judicial Support. This Court received their copies before the Office of Judicial Support which is why the docket reflects that they were received later.

## LEGAL ANALYSIS

The standard of review of an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth. v. Spotz*, 84 A.3d 294 (Pa. 2014). On appeal, the court will grant great deference to the factual findings of the PCRA court and will not disturb those facts unless they have no support in the record." *Commonwealth. v. Henkle,* 90 A.3d 16, 20 (Pa. Super. 2014). "Where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." *Id.*

### This Court does not have jurisdiction to entertain the merits of Petitioner's Petition because it is not timely filed.

To be eligible for relief, "a petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the errors enumerated in the PCRA, his claims have not been previously litigated or waived, and failing to ligate the issue was not the result of any rational, strategic, or tactical decision by counsel." *Commonwealth v. Fears,* 86 A.3d 795, 804 (Pa. 2014). "An issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, …, on appeal or in a prior state post- conviction proceeding." *42 Pa.C.S.A. § 9544(b); Commonwealth v. Robinson,* 82 A.3d 998, 1004 (Pa. Super. 2013).

In addition, a PCRA Petition must be filed within one year of the date the underlying judgment becomes final. A judgment becomes final for purposes of a PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and Pennsylvania, or at the expiration of time for seeking review. *42 Pa.C.S. §9545 (b)(3), Commonwealth v. Hernandez,* 79 A.3d 649 (Pa. Super. 2013).

An exception to the timeliness requirement arises if the petitioner alleges and proves one of the following statutory exceptions:

(1) failure to raise the claim was result of interference by government officials with the presentation of the claim in violation of the constitution or laws of the Commonwealth or the constitution or laws of the United States;

(2) facts upon which the claim is predicated were unknown to petitioner and could not have been ascertained by exercise of due diligence; or

*(3)* right(s) asserted is a constitutional right that was recognized by the Supreme Court or the Supreme Court of Pennsylvania after the time period provided and has been held by that court to apply retroactively. *42 Pa.C.S. §9545(b)(1).*

When using one of the exceptions, the petition must be filed within sixty days of the date the claim could have been presented. *42 Pa.C.S.A. §9545(b).* The Superior Court has provided: "with regard to an after-recognized constitutional right, the sixty day period begins to run upon the date of the underlying judicial decision. *Commonwealth v. Boyd,* 923 A.2d 513, 517 (Pa. Super. 2007).

Petitioner's Petition does not satisfy the timeliness requirement. Petitioner's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on June 24, 2010; making his judgment of sentence final on September 24, 2010. Petitioner's PCRA Petition should have been filed by September 24, 2011, not February 27, 2014.

Furthermore, Petitioner has not satisfied any of the statutory exceptions to the timeliness requirement. PCRA counsel adds in his application to withdraw, "upon inquiry from the undersigned, defendant could not provide additional information that alleges a viable statutory exception to the general rule." See No Merit Letter, page 5.

Petitioner asserts that he is entitled to relief under *Alleyne v. United States,* 133 S. Ct. 2151, 186 L.Ed.2d 314 (2013). The decision in *Alleyne* was rendered on June 13, 2013. Petitioner was required to file his PCRA petition on or before August 17, 2013 to be within the 60 days of the date the claim could have first been presented. Therefore, Petitioner cannot rely on the decision to satisfy any exception to the timeliness requirement.

## CONCLUSION

This Court's denial of Petitioner's request for relief pursuant to the Post-Conviction Relief Act should be affirmed because Petitioner failed to satisfy the statutory time limits and has not presented any evidence that would satisfy any of the exceptions to the timeliness requirement.

BY THE COURT:

_____
John P. Capuzzi, Sr.